854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald R. SMITH, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3539.
 United States Court of Appeals, Federal Circuit.
 July 7, 1988.
 
 Before FRIEDMAN, EDWARD S. SMITH and BISSELL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. NY07528610386, affirming the removal of Donald R. Smith as Postmaster of the United States Post Office at Lake Hiawatha, New Jersey, is vacated and remanded for additional fact finding.
 
 OPINION
 
 2
 The United States Postal Service (agency) removed Smith on the single charge of failing to abide by a settlement agreement.[1] The administrative judge (AJ) found that (1) Smith was collaterally estopped from denying his breach of the agreement; (2) the agency had then met its burden of proof with respect to the charge; (3) a nexus existed between the proven offense and the efficiency of the service; (4) no statute or regulation required the agency under the facts of the case to apply for disability retirement on Smith's behalf; and (5) in balancing the Douglas factors,[2] Smith's failure to abide by the settlement agreement proved that the agency was unable to rely on his word and negated any potential for rehabilitation.
 
 
 3
 Smith contends that a mental condition impaired both his judgment and ability to make decisions or follow instructions and that the agency knew about his mental condition because it required him to seek psychiatric therapy. Therefore, Smith asserts that before the agency began removal proceedings it was required under 5 C.F.R. Sec. 831.1203 (1986): (1) to apply for disability retirement benefits on his behalf, or (2) to provide him notice that such benefits were available. The agency argues that 5 U.S.C. Sec. 8337(a) (Supp.IV 1986) and 5 C.F.R. Sec. 831.1203 are not applicable because Smith was not removed for medical reasons but was removed solely for his breach of the settlement agreement.
 
 
 4
 In finding the existence of a nexus between the proven offense and the efficiency of the service, the AJ relied on the case of Daniel v. United States Postal Serv., 16 M.S.P.R. 486 (1983). In Daniel, the Board held that an employee's intentional failure to undergo a fitness-for-duty examination constituted grounds for disciplinary action. Id. at 489. In this case, the AJ stated that although Smith "was not ordered to take an examination, he did agree to be bound by the recommendations of an impartial psychiatrist, but then chose not to follow those recommendations. An employee's failure to adhere to an agreement with his employing agency goes directly to the agency's ability to rely on his word." Slip op. at 3.
 
 
 5
 We hold that the fact findings underlying the AJ's nexus analysis are incomplete. Although Smith was collaterally estopped from denying his breach of the settlement agreement, the question remains whether he knowingly breached the agreement. The fact that Smith breached the agreement cannot control the question whether the breach was intentional or was influenced by an impaired mental condition. Cf. Naekel v. Department of Transp., 782 F.2d 975, 978 (Fed.Cir.1986). Because the Board made no factual finding on this point we lack sufficient factual findings on Smith's condition to review whether the agency was required to comply with the provisions of 5 C.F.R. Sec. 831.1203. The agency circumvented considering whether Smith was in fact disabled by basing his removal solely on the act of breaching a settlement agreement. Although Smith may have knowingly breached the settlement agreement without being influenced by his mental condition, the record is void of such a factual determination.
 
 
 6
 Accordingly, we vacate the Board's final decision and remand for further proceedings including a factual determination of whether Smith's mental condition impaired both his judgment and ability to make decisions or follow instructions and thus negated the intentional aspects of his breach. If the Board finds that Smith's mental condition caused him to breach the settlement agreement, he should be given the opportunity to apply for disability retirement benefits.
 
 COSTS
 
 7
 Each party shall bear its costs.
 
 
 
 [1]
 The issue of whether Smith breached the agreement by failing to adhere to a psychiatrist's recommendations regarding treatment was litigated during a compliance hearing that preceded this removal action. The Board's determination that Smith breached the agreement was affirmed by this court in an unpublished opinion. Smith v. United States Postal Serv., 30 M.S.P.R. 526, 529-30 (1980), aff'd 818 F.2d 875 (Fed.Cir.1987)
 
 
 [2]
 Douglas v. Veterans Admin., 5 MSPB 313, 331-33, 5 M.S.P.R. 280, 305-06 (1981)